IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOLANDA CLARK,

Plaintiff, No. CIV S-05-2618 KJM

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant. ORDER

_________________________________/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

I. Factual and Procedural Background

In a decision dated January 20, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability

Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of degenerative disc disease lumbar spine, status-post thoracic strain, status-post meniscus tear left knee, diabetes mellitus, asthma, obesity, and a depressive disorder, but these impairments do not meet or medically equal a listed impairment; plaintiff retains the residual functional capacity to perform light work with certain postural and other nonexertional limitations; plaintiff cannot perform her past relevant work; based on the testimony of a vocational expert, there are a significant number of jobs that plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 24-25. Plaintiff contends the ALJ improperly assessed her mental impairment, incorrectly assessed her physical residual functional capacity, improperly discredited plaintiff and failed to properly consider lay witness evidence.

/////

---

is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

A. Mental Impairment

Plaintiff contends the ALJ improperly assessed her mental impairment and, in doing so, ignored the opinions of two state agency psychiatrists. At step two of the sequential analysis, the ALJ found plaintiff has severe impairments, including a depressive order. Plaintiff asserts the ALJ committed reversible error by failing to follow the technique for evaluating the

severity of mental impairments as set forth in 20 C.F.R. § 404.1520a. The regulations require documentation of the technique in the ALJ's written decision.[2] 20 C.F.R. § 404.1520a.

The ALJ's decision fails to document the technique for evaluating plaintiff's mental impairment. As a result, this court is precluded from proper review of the ALJ's decision. There is no indication in the ALJ's decision whether the opinions of the two state agency psychiatrists were considered.[3] AT 16-25; cf. AT 259-266. The Social Security Regulations, which are binding on the ALJ, require these opinions to be considered in evaluating disability. See SSR 96-6P.[4] Although defendant argues that the failure to address these opinions constitutes harmless error, the court cannot find harmless error given the testimony of the vocational expert. When hypotheticals were posed to the expert incorporating the functional limitations as expressed by the state agency physicians, with a moderate limitation defined by plaintiff's counsel as a 25 percent reduction from competitive workplace norms, the vocational expert testified no jobs would be available to plaintiff. AT 154, 489-490. The record is unclear

---

[2] Plaintiff relies on Gutierrez v. Apfel, 199 F.3d 1048 (9th Cir. 2000). That case has been superseded by regulation. Previously, a PRTF (Psychiatric Review Technique Form) was required to be appended to the ALJ's decision. The regulation now only requires that the pertinent findings and conclusions based on the technique be incorporated into the decision. While defendant is correct that the technique for evaluating mental impairment applies only to steps two and three of the sequential analysis, the regulation requiring incorporation of the findings and conclusions into the decision allows for meaningful review by the court in determining whether substantial evidence supports the ALJ's findings regarding residual functional capacity.

[3] In contrast, it is noteworthy that the ALJ expressly relied on the state agency physician's assessment of plaintiff's physical residual functional capacity when it supported the ALJ's finding that plaintiff is not disabled. AT 22, 267-274. If state agency physician/psychiatrist opinions do not support the residual functional capacity finding and are rejected, or otherwise can be reconciled with such a finding, the ALJ's decision should set forth the ALJ's reasoning so as to allow proper court review.

[4] Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); cf. Silveira v. Apfel, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings ... unless they are plainly erroneous or inconsistent with the Act or regulations").

as to counsel's basis for asserting that a 25 percent reduction was equal to a "moderate" limitation as found by the state agency psychiatrists. The matter will therefore be remanded for further development of the record in this regard and so that the ALJ may document the technique for evaluating mental impairment and explain the weight accorded to the opinions of the state agency psychiatrists.

B. Other Assertions of Error

Because this matter will be remanded, the court will not address plaintiff's other assertions of error because none of them require remand for immediate payment of benefits. The court finds no error in the ALJ's assessment of plaintiff's physical residual functional capacity and the reasons given for discounting the opinions of Drs. Pletz and Ritsick, AT 21-22; AT 285, 292, 294, regarding plaintiff's lifting capacity meet the standards set forth in Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). With respect to plaintiff's claim that obesity was not properly considered throughout the sequential analysis, the court finds no error given the ALJ's reliance on the opinions of the examining physicians who factored into their analysis plaintiff's obesity. AT 20-21; AT 189-198, 334-335, 343-353; see also SSR 02-01p. Regarding plaintiff's credibility, the factors considered by the ALJ were all valid and supported by the record. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). As to the lay witness testimony and statements, AT 118-123, 162-170, 467-477, on remand, if the ALJ wishes to discount this testimony, the ALJ must set forth reasons that are germane to each witness. See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: March 29, 2007.

U.S. MAGISTRATE JUDGE

006
clark2618.ss